*In re* BRIEN'S ESTATE.

*In re* BEEBE.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

GUARDIAN AND WARD—APPOINTMENT.

 A mother, who had been appointed and acted as guardian of her infant child, under the father's will, died intestate, and thereupon the maternal grandmother applied to be appointed guardian. It appeared that she was living in one of the infant's houses, had but little property, and hoped to be partially supported out of the property of the infant. *Held*, that the surrogate properly appointed a trust company, as requested by other relatives, to be guardian of the estate.

Appeal from surrogate's court, New York county.

Petition by Mary A. Beebe, for letters of guardianship upon the estate of Nettie May Brien, an infant under the age of 14 years. The father of the infant had by his will appointed the mother and another person guardians of

the child, but such other person refused to act, and the mother alone qualified and acted as guardian. The mother having died, intestate, and the child having no guardian, petitioner, her maternal grandmother, applied to be appointed guardian of her person and estate. A paternal aunt and other relatives filed objections, and requested the appointment of a trust company as guardian of the estate. The surrogate appointed the grandmother guardian of the person, and a trust company guardian of the estate. From so much of the order as appointed the trust company, the petitioner appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. George Flammer,* for appellant. *Bangs, Stetson, Tracy & MacVeagh,* (*F. S. Bangs,* of counsel,) for respondent.

VAN BRUNT, P. J. An examination of the papers seems to show that the action of the surrogate was eminently proper. Whatever the rights of the petitioner were as guardian, in the absence of an appointment, they ceased upon such appointment. The appellant asked for the appointment of a guardian, and the surrogate, upon ascertaining the relations of the petitioner to the property of the infant, refused to appoint her, but did appoint a trust company. We see no reason for interfering with this action. The petitioner had interests antagonistic to those of the infant. She was living in one of the houses of the infant, had but little property of her own, and evidently had hopes of being partially supported out of the property of the infant. This condition of affairs would undoubtedly have led to grave complications had she been appointed guardian, which should be avoided if possible. The order should be affirmed, with $10 costs and disbursements. All concur.